**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5627

SHAWN JEROME ALLEN, a/k/a Rashon
Allen, a/k/a Allen Rashon,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(CR-94-135)

Submitted: April 16, 1996

Decided: May 23, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Melvin LeRoye Hill, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

The Appellant, Shawn Allen, appeals the district court's order denying his motion to suppress evidence obtained during a drug raid on a house occupied by Allen. Allen argues that the recovered evidence should have been excluded because the underlying search violated the Fourth Amendment reasonableness standard. [1] According to Allen, all the evidence obtained in the search should have been suppressed because the police failed to announce the purpose of their visit and wait for refusal of admittance before they entered the house.

We disagree. It is well established that non-compliance with "knock and announce" requirements may be excused where exigent circumstances render strict compliance imprudent. [2] Here, the Government provided evidence that the officers needed to act quickly to protect themselves from possible harm. The officers had a report from a confidential informant that firearms were recently observed inside the home, although not during the latest visit. A check of Allen's criminal history revealed convictions for several robberies, criminal possession of a weapon, assault, resisting arrest, rape, and several drug offenses. Given Allen's extensive violent criminal history the officers could reasonably infer that Allen might attempt to use the observed firearms against the officers if given the opportunity. Under the circumstances of this case, [3] particularly Allen's extensive record for violence, the district court did not clearly err in finding it reasonable for the police to believe that they would be in danger unless they executed a "no-knock" search warrant. [4]

Accordingly, we hold that the district court did not err in denying the Appellant's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the

_____

[1] 18 U.S.C. § 3109 (1988) (codification of "knock and announce" rule).
[2] **United States v. Kennedy**, 32 F.3d 876, 882 (4th Cir. 1994), <u>cert. denied</u>, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500).
[3] <u>Id</u>.
[4] **United States v. Bernard**, 757 F.2d 1439, 1443 (4th Cir. 1985).

2

materials before the court and argument would not aid the decisional process.

AFFIRMED